# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.M. Jr.**

**No. 16-0732** (Clay County 15-JA-66)

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.M. Sr., by counsel Barbara Harmon-Schamberger, appeals the Circuit Court of Clay County's July 8, 2016, order terminating his parental rights to five-month-old J.M. Jr.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Michael Asbury, Jr., filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his post-adjudicatory improvement period and his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2015, the DHHR filed a petition for emergency custody of J.M. Jr. against his parents alleging that the child's mother admitted to using marijuana during her pregnancy and that her substance abuse affected her ability to appropriately care for her child. As to petitioner, the DHHR alleged that he failed to provide an appropriate home. Based upon these allegations, the circuit court found that an imminent danger existed and placed the child in the care and custody of the DHHR. Thereafter, the circuit court ordered petitioner to abstain from using drugs and alcohol and to submit to random drug and alcohol screens. The circuit court also granted petitioner supervised visitation with his child conditioned upon his ability to test negative for drugs for two consecutive weeks.

The following month, the DHHR filed an amended petition for abuse and neglect adding that petitioner abused illegal substances which affected his ability to appropriately parent his child. On December 29, 2015, and January 21, 2016, petitioner tested positive for methamphetamine. Thereafter, petitioner admitted to the allegations contained in the amended

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

petition. Accordingly, the circuit court adjudicated petitioner as an abusive parent. In addition to abstaining from drugs and alcohol, the circuit court ordered petitioner to comply with services including undergoing a psychological and substance abuse evaluation.

In March of 2016, the circuit court held a hearing on petitioner's motion for a post-adjudicatory hearing during which it heard proffers from counsel that petitioner tested positive for methamphetamines on February, 29, 2016, and March 14, 2016. Counsel also noted that petitioner cancelled multiple parenting and adult life skills classes. Nevertheless, the circuit court granted petitioner a six-month post-adjudicatory improvement period. The terms and conditions of petitioner's improvement period directed him to enter a long-term drug rehabilitation facility, participate in all services offered by the DHHR, obtain an appropriate residence, remain drug and alcohol free, and submit to random drug and alcohol screens. The circuit court also suspended petitioner's visitation.

In May of 2016, the circuit court held a dispositional hearing during which the circuit court heard testimony from petitioner and a DHHR case worker. According to petitioner's case worker, he did not participate in parenting or adult life skills, failed sixteen drug tests, and did not exercise his visitation rights with his child because of petitioner failed drug tests. Furthermore, the case worker was uncertain whether petitioner was enrolled in a long-term drug rehabilitation center. Petitioner testified that he initially entered a long-term drug rehabilitation center, but that he voluntarily left the facility and failed to return. Petitioner also admitted that he failed multiple drug screens for methamphetamine. After considering the testimony and evidence, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse or neglect in the foreseeable future. By order entered on July 8, 2016, the circuit court terminated petitioner's parental rights to his child. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

2

On appeal, petitioner argues that the circuit court erred in terminating his post-adjudicatory improvement period. Specifically, petitioner contends that the circuit court erred in suspending his visitation with his child because he "should have been permitted visitation with [his child], even when [he] was under the influence of controlled substances as long as [he] behaved appropriately with [his child.]" We strongly disagree. West Virginia Code § 49-4-610 sets forth when a circuit court may grant, extend, or terminate an improvement period. Further, West Virginia Code § 49-4-610(7) requires the termination of an improvement period "when the court finds that [a parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "[i]t is within the court's discretion to grant an improvement period . . . [and] it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993).

In petitioner's case, he failed to fully participate in his post-adjudicatory improvement period. It is clear from the record that the terms and conditions of his post-adjudicatory improvement period required him to enter a long-term drug rehabilitation facility, participate in all services offered by the DHHR, obtain an appropriate residence, remain drug and alcohol free, and submit to random drug and alcohol screens. While petitioner admitted that he was attending a long-term drug treatment facility, he conceded that he voluntarily left the facility and had not returned at the time of the dispositional hearing. The circuit court also heard evidence that petitioner failed to participate in parenting and adult life skills classes and failed sixteen drug screens, and had not visited with his child since January of 2016. As such, it is clear that petitioner failed to fully participate in his improvement period or make sufficient progress. For these reasons, we find no error.

Finally, petitioner argues that the circuit court erred in terminating his parental rights because he complied with certain terms and conditions of his improvement period. Petitioner also suggests that the circuit court erred in terminating his parental rights based upon his failure to bond with his child. However, the Court does not agree.

Petitioner's argument ignores the statutes that required the circuit court to terminate his parental rights. Specifically, the circuit court was required to terminate petitioner's parental rights pursuant to West Virginia Code § 49-4-604(b)(6) "upon a finding that there is not reasonable likelihood that the conditions of abuse or neglect can be substantially corrected in the near future[.]" At disposition, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse or neglect, in part because he "continued to abuse controlled substances." This finding was based on the fact that petitioner failed sixteen drug tests, failed to participate in adult life skills and parenting classes, and was not attending a long-term drug rehabilitation center. The circuit court also found that termination of petitioner's parental rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are required to terminate a parent's parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 8, 2016, order is hereby affirmed.

3

Affirmed.

**ISSUED**:  February 21, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker